IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BILLIE JO RENZELLI,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SHELL CHEMICAL APPALACHIA, LLC,<br>and BECHTEL CORPORATION,<br><br>　　　　　　Defendants, | Civil Action No. 20-554<br>Judge Nora Barry Fischer |

**MEMORANDUM ORDER**

AND NOW, this 16th day of April, 2020, upon consideration of the Notice of Removal filed by Defendants Shell Chemical Appalachia, LLC and Bechtel Corporation, and the attachments, including Plaintiff Billie Jo Renzelli's Complaint filed initially in the Court of Common Pleas of Beaver County, (Docket No. [1]), wherein Defendants seek removal pursuant to 28 U.S.C. §§ 1441(b) and 28 U.S.C. § 1332 based upon alleged diversity jurisdiction,

IT IS HEREBY ORDERED that pursuant to 28 U.S.C. § 1447(c), this matter is REMANDED to the Court of Common Pleas of Beaver County, forthwith;

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED and serve a certified copy of this Order on the Prothonotary for the Court of Common Pleas of Beaver County, forthwith.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id.* (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163

L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied,* No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Defendants, as the removing parties asserting that the Court has jurisdiction over this case, bear the burden of establishing same.  *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Having considered the matter, the Court finds that the instant removal is deficient under the relevant removal statutes, necessitating a remand of this matter to state court for lack of subject matter jurisdiction.  Since this case is being removed on the basis of diversity jurisdiction, it is Defendants' burden to demonstrate that the parties are completely diverse and that the amount in controversy is in excess of the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a).  While the parties here are diverse, Defendants have not shown that the operative complaint filed against them seeks an amount in excess of $75,000. *See* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"); *see also Estate of Tomei by Flandreau v. H&H Mfg. Co.*, No. 19-2189, 2020 WL 1656432, at *1 (3d Cir. Apr. 3, 2020) ("In short, the District Court lacked subject-matter jurisdiction under § 1332 because no one alleged that the amount in controversy exceeds $75,000.").  The Notice of Removal's sole allegation in support of the amount-in-controversy states that "based on the allegations of the Complaint, [the amount in controversy] exceeds the sum of compulsory arbitration limits," noting that in Beaver County "compulsory arbitration is required for cases in which the amount in controversy exceeds $25,000, but does not exceed $50,000." (Docket No. 1 at ¶ 8, n.2).  Plaintiff's

Complaint is a one-count negligence suit alleging that she slipped and fell on cardboard at the Shell/Bechtel Plant in Beaver County causing injuries to her wrist, knee and head. (Docket No. 1-2). She does not quantify her damages but, as Defendants aver, simply states that she "requests judgment for damages against Defendants in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and such other and further relief as this Honorable Court may deem just and equitable." (*Id.*).

All told, none of the parties have alleged that the amount in controversy exceeds the jurisdictional amount and Defendants have demonstrated, at most, that the amount-in-controversy in this action is in excess of $50,000 which is well below the jurisdictional threshold of $75,000. In a similar scenario, the Court of Appeals recently held that:

> [t]he parties' dispute concerns the current ownership of 1,000 shares of stock in H&H. But we need not further discuss the merits of this case. No one alleges that the amount in controversy exceeds $75,000. And because the asserted basis of subject-matter jurisdiction is diversity of citizenship, which requires an amount in controversy in excess of $75,000, the District Court lacked subject-matter jurisdiction over this case. For that reason, we will reverse the District Court's order and remand with instructions to dismiss this case without prejudice.

*Estate of Tomei by Flandreau,* 2020 WL 1656432, at *1. The same is true here. Absent allegations that the Plaintiff's claims seek in excess of $75,000, the case is properly remanded for further proceedings in state court.

Accordingly, this matter is remanded to the Court of Common Pleas for all further proceedings, forthwith.

               *s/Nora Barry Fischer*
               Nora Barry Fischer
               Senior U.S. District Judge

cc/ecf:  All counsel of record.

   Prothonotary, Court of Common Pleas of Beaver County